**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| KERANOS, LLC | § | |
| | § | |
| v. | § | Case No. 2:10-cv-207 |
| | § | |
| ANALOG DEVICES, INC., et al. | § | |

| | | |
|---|---|---|
| SAMSUNG ELECTRONICS CO., LTD., et al. | § | |
| | § | |
| | § | |
| v. | § | Case No. 2:11-cv-331 |
| | § | |
| KERANOS, LLC | § | |

# ORDER DENYING MOTION TO STAY AND SEVERING CLAIMS

Now before the Court are the Motions to Stay (2:10cv207, Doc. No. 597; 2:11cv331, Doc. No. 124) by the customer defendants named in these related cases. The customer defendants ask the Court to stay Keranos's claims against them until after resolution of Keranos's claims against the manufacturers of the accused products. For the reasons discussed below, the motion is DENIED.

## Background

Plaintiff accuses Defendants[1] of infringing a series of patents by manufacturing or incorporating SuperFlash memory chips into multiple accused products. The SuperFlash technology was developed by Defendant Silicon Storage Technology, Inc. (SST). In June 2010, Plaintiff filed an infringement action in the Eastern District of Texas, Marshall Division, against 49 of SST's licensees and customers (the Original Action, 2:10-cv-207). Plaintiff did not name

[1] In the Declaratory Judgment Actions (now consolidated in 2:11-cv-331), the accused infringers are listed as plaintiffs. But due to the nature of the claims and for purposes of clarity, the Court refers to all parties accused of infringement as Defendants. Similarly, the Court will refer to the patent holder Keranos as Plaintiff.

SST in the Original Action. Between September 2010 and January 2011, SST and several of the Defendants named in the Original Action filed four cases seeking declarations of no infringement and invalidity (the Declaratory Judgment Actions, now consolidated in 3:11-cv-331). The parties filed the Declaratory Judgment Actions in the Northern District of California. On June 9, 2011, the Northern District of California transferred the Declaratory Judgment Actions to the Eastern District of Texas to be considered with the Original Action.

The Original Action is set for pretrial conference on August 26, 2013. The Declaratory Judgment Actions are set for pretrial conference October 7, 2013. Although the Declaratory Judgment Actions have a pretrial setting, the Court has not set any of the deadlines between the claim construction hearing and pretrial. The Court held a joint claim construction hearing in all of the related cases on December 12, 2012.

Relying on the customer-suit exception, eight of the remaining Defendants have moved to stay the claims by and against them. These Defendants argue that the claims involving SST will resolve most if not all of the claims in these actions. Accordingly, they argue that the claims against the customer defendants should be stayed.

Plaintiff responds that the customer-suit exception is inapplicable to Defendants' request for a stay. Further, Plaintiff insists that the moving Defendants have not satisfied the requirements of the customer-suit exception.

**The Customer-Suit Exception**

The customer-suit exception reflects the principle that "litigation against or brought by the manufacture of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer" regardless of which case was filed first. *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) (citations omitted); *see also Microsoft Corp. v.*

*Commonwealth Scientific and Indus. Research Org.*, Nos. 6:06-CV-549, 6:06-CV-550, 2007 WL 4376104, at *2 (E.D.Tex. Dec. 13, 2007). The customer-suit exception often arises in the context of venue disputes. *See, e.g.*, *Lonestar Inventions, L.P. v. Sony Elecs., Inc.*, No. 6:10-CV-588-LED-JDL, 2011 WL 3880550, at *5 (E.D. Tex. Aug. 29, 2011). Although some courts have applied the doctrine to motion to stays by customer defendants, *see, e.g.*, *In re Papst Licensing*, 767 F. Supp. 2d 1, 10 (D.C.C. 2011), the policy underlying the exception primarily addresses venue determinations, *see*, *Heinz Kettler GMBH & Co. v. Indian Indus., Inc.*, 575 F. Supp. 2d 728, 730 (E.D. Va. 2008) ("[T]he customer suit exception is inapplicable in this case. Because plaintiffs have simultaneously sued *both* the manufacturer . . . and the customer . . ., this case does not present a situation where two suits are pending in different jurisdictions, nor a danger of inconsistent conclusions about the infringement of plaintiffs' patents.").

When cases are pending in the same venue, the court may exercise its general discretion to manage its docket and need not rely on the customer-suit exception. *See id.*; *In re EMC Corp.*, 677 F.3d 1351, 1360. The customer defendant claims currently are pending in the same court and even within the same cases as the manufacturing defendant claims. Accordingly, the Court finds the customer-suit exception unavailing in these actions.

**Alternative Case Management Plan**

Although the customer-suit exception does not compel this Court to stay the claims involving the customer defendants, the Court finds that an amended case management plan would further judicial economy and efficiency in these cases.

"District courts manage hundreds of civil and criminal cases at any given time. For this reason, they are afforded broad discretion to control and manage their dockets, including the authority to decide the order in which they hear and decide issues pending before them." *Amado*

*v. Microsoft Corp.*, 517 F. 3d 1353, 1358 (Fed. Cir. 2008); *see also In re EMC Corp.*, 677 F.3d at 1360 ("[T]he district court has considerable discretion to consolidate cases for discovery and for trial under Rule 42 where venue is proper and there is only a common question of law or fact." (internal quotations omitted)).

The Court finds that grouping the parties for scheduling and pretrial purposes presents the most efficient and practical approach for managing these cases through trial. Based on the parties' arguments in their motions to stay and the responsive briefing and argument at the status hearing on December 12, 2012, the Court agrees that the claims against the manufacturing defendants will resolve many of the issues related to the customer defendants. But an indefinite stay of the customer defendant claims—which are nearly three years old—is not warranted. Instead, the Court will realign the cases into two new actions divided between manufacturing defendants and customer defendants, as designated below. The new cases will proceed on a staggered schedule with the manufacturing defendant action proceeding on a more accelerated schedule.

Accordingly, the Court designates the following defendant groups:

> **Manufacturers**: Silicon Storage Technology, Inc., Seiko Epson Corporation, Epson America, Inc., Freescale Semiconductor, Inc., Microchip Technology, Inc., Samsung Semiconductor, Inc., Samsung Electronics Co. LTD, Toshiba Corp., Toshiba America Electronic Components, Inc., Taiwan Semiconductor Manufacturing Company, Ltd., and TSMC North America
>
> **Customer Defendants**: Analog Devices, Inc., Apple, Inc., International Business Machines Corp., Intel Corp., National Semiconductor Corp., NXP Semiconductors USA, Inc., ROHM Semiconductor U.S.A., LLC, and Texas Instruments, Inc. and Ubicom, Inc.

In an effort to conserve judicial resources and streamline the issues for trial, the Court SEVERS the claims by and against each of these defendant into two new cases based on the groupings listed above. The clerk of the Court will assign all claims asserted by or against the

manufacturers into a new cause number (the Manufacturing Case: 2:13-cv-17). Similarly, the clerk of the court will assign all claims asserted by or by against the customer defendants into a new cause number (the Customer Case: 2:13-cv-18). Keranos will be listed as the Plaintiff in both of the new cases. All the remaining parties will be listed as Defendants and counterclaimants in their respective new cases.

Within three business days of this order, the parties must file a notice in the corresponding new cases indicating by cause number and Pacer document number all documents that should be transferred into the new cases.

It is FURTHER ORDERED that cause numbers 2:10-cv-207 and 2:11-cv-331 will be closed. Cause numbers 2:11-cv-332, 2:11-cv-333, and 2:11-cv-334, which were previously consolidated into 2:11-cv-331 and administratively closed by the Court, will remain closed. All future filings must be made in the new cause numbers.

The Manufacturing Case will be set for trial in October 2013. The Customer Case will be set for trial in July 2014. The Court will issue scheduling orders consistent with the dates discussed at the December 12, 2012 status hearing.

**It is SO ORDERED.**

**SIGNED this 10th day of January, 2013.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE